**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1980**

KAPTORIA L. SANDERS,

                    Plaintiff - Appellant,

          v.

TIKRAS TECHNOLOGY SOLUTIONS CORPORATION,

                    Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:16-cv-00985-CMH-MSN)

Submitted:  March 1, 2018                              Decided:  March 28, 2018

Before FLOYD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ari M. Wilkenfeld, Katherine R. Atkinson, Lauren E. Naylor, WILKENFELD, HERENDEEN & ATKINSON, Washington, D.C., for Appellant.  Richard D. Kelley, R. Douglas Taylor, Jr., Samuel J. Banks, BEAN, KINNEY & KORMAN, P.C., Arlington, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kaptoria L. Sanders appeals the district court's order granting summary judgment in favor of Tikras Technology Solutions ("Tikras") in Sanders' suit that alleged race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012) ("Title VII"), retaliation in violation of Title VII, and race discrimination in violation of 42 U.S.C. § 1981 (2012). We affirm.

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court." *Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 207 (4th Cir. 2014). We must construe the evidence in the light most favorable to Sanders, the nonmovant, and draw all reasonable inferences in her favor. *Id.* "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title VII prohibits "discriminat[ion] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race . . . [or] sex," 42 U.S.C. § 2000e-2(a)(1) (2012), while 42 U.S.C. § 1981 "prohibits racial discrimination in the making and enforcement of contracts." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 208 (4th Cir. 2007). Title VII also prohibits unlawful retaliation, preventing employers from "discriminat[ing] against any of [their] employees . . . because [the employees] ha[ve] opposed any practice made an unlawful employment practice by [Title VII], or because [the employees] ha[ve] . . . participated in any manner in an investigation" under Title VII. 42 U.S.C. § 2000e–3(a) (2012).

2

A plaintiff can establish a discrimination or retaliation claim under Title VII or § 1981 in one of two ways. First, the plaintiff can establish the claim through direct or circumstantial evidence, *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007), or, alternatively, can establish the claim under the *McDonnell Douglas* burden-shifting framework. The *McDonnell Douglas* framework was initially developed for Title VII discrimination cases, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), but since the *McDonnell Douglas* decision, the framework has been held to apply in discrimination cases arising under § 1981, *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989); *Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001), and in retaliation cases under Title VII and § 1981, *Beall v. Abbott Labs.*, 130 F.3d 614, 619 (4th Cir. 1997) (Title VII); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 281 n.1 (4th Cir. 2000) (§ 1981). In this case, Sanders proceeded under the more plaintiff-friendly *McDonnell Douglas* framework.

There are three steps in the *McDonnell Douglas* framework: (1) the plaintiff must establish a prima facie case of discrimination or retaliation; (2) if the plaintiff presents a prima facie case, then the burden shifts to the defendant to show a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action; and (3) if the defendant shows such a reason, then the burden shifts to the plaintiff to prove that the reason is pretextual. *See McDonnell Douglas Corp.*, 411 U.S. at 802-04; *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Here, Sanders failed to demonstrate a prima facie case on all of her claims.

With regard to Sanders' Title VII and § 1981 discrimination claims, the elements of a prima facie case are the same. *See Love–Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) (evaluating § 1981 racial discrimination claim and a Title VII racial discrimination claim under the same prima facie case framework). The plaintiff must demonstrate: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Establishing a prima facie case of discrimination is "not onerous." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

We conclude that Sanders failed to establish the fourth element of a prima facie case. Although Sanders was replaced in her position by a Hispanic male, that individual had more than twice the experience that Sanders had, and the two therefore were not similarly situated. Moreover, although the record may demonstrate that Sanders' supervisor harbored some animosity toward her, there is no evidence that indicates any such animus was a result of Sanders' race or gender, and, thus, his actions do not support a Title VII claim. *Cf. Equal Emp't Opportunity Comm'n v. Xerxes Corp.*, 639 F.3d 658, 677 (4th Cir. 2011) (noting that absent evidence that conflicts between employee and supervisor were discriminatory in nature, such disputes do not support hostile work environment claim). In short, Sanders' Title VII and § 1981 discrimination claims fail for the simple reason that she has not demonstrated that similarly situated employees outside

4

her protected classes were treated differently and/or received more favorable treatment than her.

As to Sanders' Title VII claim of retaliation, to establish a prima facie case, she must demonstrate "(i) that she engaged in protected activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Guessous*, 828 F.3d at 217 (alterations and internal quotation marks omitted). "In the context of element one of a retaliation claim, an employee is protected when she opposes not only employment actions actually unlawful under Title VII but also employment actions she reasonably believes to be unlawful." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 282 (4th Cir. 2015) (en banc) (alterations and internal quotation marks omitted). "[Thus], when an employee communicates to her employer a belief that the employer has engaged in a form of employment discrimination, that communication virtually always constitutes the employee's *opposition* to the activity." *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015) (alterations and internal quotation marks omitted). However, opposition activity is only protected if an employee's subjective belief is "objectively reasonable in light of the facts." *Peters v. Jenny*, 327 F.3d 307, 321 (4th Cir. 2017) (regarding Title VII retaliation claim).

Sanders fails to establish a prima facie case of retaliation. Sanders' complaint to Shlikas that she was being discriminated against because she was an African-American woman would constitute oppositional conduct if her subjective perception of discrimination was objectively reasonable. *See DeMasters*, 796 F.3d at 417 (noting that

5

oppositional conduct includes "voicing one's opinions in order to bring attention to an employer's discriminatory activities." (internal quotation marks omitted)). But there is no evidence that connects any untoward behavior or comments with any form of racial or gender discrimination, and therefore Sanders' subjective belief that her supervisor was acting with discriminatory intent was not objectively reasonable. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citing with approval treatise noting that "personality conflicts at work that generate antipathy and snubbing by supervisors and co-workers are not actionable" (internal quotation marks omitted)). *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 609 (4th Cir. 1999) (holding that "personal opinion" that corporate board held discriminatory animus insufficient absent "specific factual examples supporting [that] opinion"), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003).

Because Sanders failed to establish a prima facie case of discrimination or retaliation,[1] we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[1] Sanders also argues that the district court erred by failing to view the facts in the light most favorable to her. We discern no reversible error because the facts, when viewed in the light most favorable to Sanders, are insufficient to establish a prima facie case of discrimination or retaliation.